EDWINA E. DOWELL (SBN 149059)
Assistant U.S. Trustee
JULIE M. GLOSSON (SBN 230709)
Trial Attorney
SHINING J. HSU (NJ SBN 027612006)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
280 S. First Street, Suite 268
San Jose, CA 95113-0002
E-mail: Shining.J.Hsu@usdoj.gov
Telephone: (408) 535-5525 x 223
Fax: (408) 535-5532

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>DCI PROPERTIES, LLC,<br><br>Debtor. | Case No. 15-52872 (MEH)<br><br>Chapter 11<br><br>Date: October 8, 2015<br>Time: 10:30 a.m.<br>Place: Courtroom 3020<br>Honorable M. Elaine Hammond |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 1112(b) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Tracy Hope Davis, United States Trustee for Region 17, by and through counsel, hereby moves the Court for an order dismissing the above-captioned case for cause under to 11 U.S.C. Section 1112(b) (the "Motion"). Cause exists to convert or dismiss this case based upon the following:

- Debtor is a limited liability corporation and is not represented by counsel; and
- Debtor has acted in bad faith by its failure to disclose all relevant information regarding its affiliates presently in bankruptcy; and
- Debtor has failed to file required documents.

//

Motion by UST to Dismiss Ch. 11 Case   1

## I. INTRODUCTION

Cause exists to dismiss this case because the above-captioned debtor is a limited liability corporation and is not represented by counsel, and thus cannot be a debtor in a Chapter 11 case according to the rules of this Court. Additional cause exists to dismiss the case because the above-captioned debtor has acted in bad faith and misled the Court by failing to disclose an affiliate that is presently in bankruptcy. Furthermore, as of the date of this filing, the above-captioned debtor has not filed required documents pursuant to 11 U.S.C. § 521(a)(1), and the Court may dismiss the case pursuant to 11 U.S.C. § 1112(e) as a result. The United States Trustee requests that the Court consider the memorandum of points and authorities incorporated herein. Opposition must be served and filed in accordance with Rule 9014-1 of the Local Rules for the Northern District of California.

## II. STATEMENT OF FACTS

DCI Properties, LLC ("Debtor") filed its Chapter 11 petition on September 4, 2015. According to the petition, the Debtor is a business entity (which includes limited liability companies) and is not represented by counsel in this case. The Debtor checked the box indicating that the nature of its business is "Single Asset Real Estate." The petition was signed by DJ Shaw, as Member. No attorney signed the petition on behalf of the Debtor.

The filing was a "skeletal" filing; the schedules, the Statement of Financial Affairs, and other required documents were not filed with the petition. The Court issued an order to file all required documents by September 18, 2015. Docket entry 2. The Debtor also failed to file a list of creditors with the Court as required pursuant to 11 U.S.C. §§ 1106(a)(2) and 521(a)(1). The Court issued a notice that the list of creditors was due no later than September 14, 2015. Docket entry 3. As of the date of this motion, the Debtor has not filed the missing schedules and other required documents, and has not requested an extension. No attorney has entered an appearance on behalf of the Debtor.

Upon information and belief, the Debtor's member, DJ Shaw, is the same individual who filed a petition under chapter 7 of Title 11 on February 27, 2015, case no. 15-50656, under the name Daniel Joseph Shaw, which remains pending before the Honorable Stephen L. Johnson.

On the Schedule B filed in Mr. Shaw's personal bankruptcy, Mr. Shaw discloses DCI Properties, LLC as an asset, with "100% interest held by the Shaw 1993 Living Trust." Case no. 15-50656 (SLJ), Docket entry 1. Mr. Shaw's Statement of Financial Affairs, Question 18, lists the address of DCI Properties, LLC, as "15700 Winchester Blvd., Los Gatos, CA 95030." Id. This address is the same address listed as the instant Debtor's street address. Docket entry 1. However, despite this apparent affiliate relationship, the instant Debtor stated "none" in response to "pending bankruptcy case filed by any spouse, partner, or affiliate of this Debtor." Id.

### III. JURISDICTION

This Court has jurisdiction over this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157, and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (O).

### IV. UNITED STATES TRUSTEE HAS STANDING TO SEEK REQUESTED RELIEF

The United States Trustee is charged with supervising the administration of cases under chapter 11 of title 11, see 28 U.S.C. § 586(a)(3), and may raise and be heard on any issue in any case or proceeding, except that the United States Trustee may not file a chapter 11 plan. See 11 U.S.C. § 307.

The United States Trustee has standing to file a motion to dismiss or convert a case under chapter 11 pursuant to 11 U.S.C. § 1112(b). 28 U.S.C. § 586. In addition, section 586(a)(8) of Title 28 added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") states:

> (a) Each United States Trustee . . . shall - (8) in any case in which the United States trustee finds material grounds for any relief under section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief.

### V. POINTS AND AUTHORITIES

A bankruptcy court has the authority to order a Chapter 11 case to be dismissed or converted if cause is shown and if the Court finds that dismissal or conversion is in the best interest of creditors of the estate. Specifically, section 1112(b) provides:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested

Motion by UST to Dismiss Ch. 11 Case    3

conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b).

Section 1112(b)(4) identifies a number of factors that can constitute "cause" to convert or dismiss a chapter 11 case. But the factors enumerated in 11 U.S.C. § 1112(b) are not exhaustive, and a court is permitted to "consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." In re Consolidated Pioneer Mortg. Entities, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) (citation omitted).

### 1. **"Cause" Exists to Dismiss Case Because Debtor is a Limited Liability Corporation Appearing Without Counsel**

Bankruptcy Local Rule 9010-1(a) states in pertinent part: "A corporation, partnership, or any entity other than a natural person may not appear as a . . . debtor in a bankruptcy case except through counsel admitted to practice in this District." Bankruptcy Local Rule 9010-1(b) states in pertinent part: "A corporation, partnership, or any entity other than a natural person may not serve as a debtor-in-possession in a Chapter 11 case unless represented by counsel. If a corporation or partnership does not obtain Court approval of counsel promptly, the Court, after notice . . . may dismiss the case, order it converted to Chapter 7, or order the appointment of a trustee." Although B.L.R. 9010-1(b) provides for conversion of a case to Chapter 7, B.L.R. 9010-1(a) suggests that an entity cannot appear without counsel as a Chapter 7 debtor. Accordingly, dismissal is appropriate in this case.

Here, the Debtor, which is a limited liability company, filed its Chapter 11 petition without being represented by counsel. As of today's date, the Debtor is still not represented by counsel. Accordingly, the case should be dismissed.

### 2. **"Cause" Exists to Dismiss Case Because Debtor Acted In Bad Faith by Failing to Disclose Affiliate Presently in Bankruptcy**

In addition to the enumerated list of 11 U.S.C. § 1112(b) constituting "cause" to dismiss under 11 U.S.C. § 1112(a), the Court may dismiss the case for other causes, such as bad faith.

*See*, In re AmeriCERT, Inc., 360 B.R. 398, 401 (Bankr. D.N.H. 2007) ("The list is not exhaustive . . . a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose."); In re Jayo, 2006 WL 2433451, *6 (Bankr. D. Idaho July 28, 2006) ("In [the Ninth] Circuit, the court has discretion to consider alleged causes not specifically listed in §1112(b)."). The filing of false or misleading information has been held to constitute lack of good faith. *See*, In re Daniels, 362 B.R. 428, 435-436 (Bankr. S.D. Iowa 2007).

Here, the Debtor failed to disclose on its petition that its apparent affiliate, Daniel Joseph Shaw, is presently in bankruptcy. Accordingly, the case should be dismissed.

### 3. The Court May Dismiss the Case Because Debtor Has Failed to File Required Documents under 11 U.S.C. § 521(a)(1)

Section 1112(e) permits the U.S. Trustee to request the court to convert to chapter 7, or dismiss, a chapter 11 case if the debtor in a voluntary case fails to file, within fifteen days of the petition date, the information required under 11 U.S.C. § 521(a)(1).

Here, as of the date of this filing, the Debtor has failed to file schedules, statement of financial affairs, and a list of creditors, all required by Section 521(a)(1). Accordingly, the case should be dismissed if all documents required under Section 521(a)(1) have not been timely filed.

### IV. PRAYER FOR RELIEF

Based upon the foregoing, the United States Trustee requests this Court enter an order dismissing this case, and for such other relief as is just and proper.

Dated: September 14, 2015

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

*/s/ Shining J. Hsu*
Trial Attorney
Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525 x 223
Fax: (408) 535-5532

Motion by UST to Dismiss Ch. 11 Case 5